TOLL BROTHERS, INC. *v.* INLAND WETLANDS
COMMISSION OF THE TOWN OF
BETHEL ET AL.
(AC 27652)

Gruendel, Harper and Foti, Js.

Argued February 7—officially released June 5, 2007

*Robert A. Fuller*, for the appellant (named defendant).

*Joseph P. Williams*, with whom was *Beth Bryan Critton*, for the appellee (plaintiff).

*Opinion*

FOTI, J. The defendant inland wetlands commission of the town of Bethel (commission)[1] appeals from the judgment of the trial court sustaining the appeal of the plaintiff, Toll Brothers, Inc., from the commission's denial of the plaintiff's application for an inland wetlands permit. On appeal, the commission claims that the court improperly (1) sustained the plaintiff's appeal and (2) remanded the case with direction to issue a permit to the plaintiff. We affirm in part and reverse in part the judgment of the trial court.

The plaintiff proposed to build an affordable housing development containing 129 townhouse units on an approximately 22 acre parcel of land located on Reservoir Street in Bethel. That parcel, which formerly was used as a quarry, contains four wetlands designated by the letters A through D. Wetlands A, B and C together occupy a total area of only 0.13 acres, but wetland D is much larger, occupying 2.28 acres. The plaintiff

---

[1] The other defendant in this case, the commissioner of environmental protection, is not a party to this appeal.

planned to fill in wetland A and to enlarge wetland B in order to improve drainage on the site. Both of those wetlands previously were disturbed by the quarry operation. The plaintiff did not plan to alter wetlands C and D, but it proposed to build a retaining wall in close proximity to wetland D.

The plaintiff applied to the commission for an inland wetlands permit on December 16, 2002. Following three days of public hearings, the commission denied the plaintiff's application on July 28, 2003. The plaintiff then appealed to the Superior Court pursuant to General Statutes § 22a-43. In its memorandum of decision, the court found that the commission had considered the impact of the plaintiff's construction activities only on wetland D and that the record lacked substantial evidence of a likely effect on wetland D resulting from the plaintiff's activities. The court concluded that the commission had exceeded its authority pursuant to General Statutes § 22a-42a (f), which provides in relevant part that "[i]f a municipal inland wetlands agency regulates activities within areas around wetlands or watercourses, such regulation shall . . . (2) apply only to those activities which are likely to impact or affect wetlands or watercourses." See also *AvalonBay Communities, Inc.* v. *Inland Wetlands Commission*, 266 Conn. 150, 163, 832 A.2d 1 (2003). The court therefore sustained the plaintiff's appeal and remanded the case to the commission with direction to issue a permit to the plaintiff under such terms and conditions as the commission reasonably chose to prescribe. The commission then successfully obtained certification for review by this court pursuant to General Statutes § 8-8 (o). This appeal followed.

I

The commission first claims that the court improperly sustained the plaintiff's appeal because the record contains substantial evidence that supports the commission's decision. We disagree.

"[I]n reviewing an inland wetlands agency decision made pursuant to [its regulations], the reviewing court must sustain the agency's determination if an examination of the record discloses evidence that supports any one of the reasons given. . . . The evidence, however, to support any such reason must be substantial; [t]he credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency. . . . This so-called substantial evidence rule is similar to the sufficiency of the evidence standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . The reviewing court must take into account [that there is] contradictory evidence in the record . . . but the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence . . . . Evidence of general environmental impacts, mere speculation, or general concerns do not qualify as substantial evidence." (Citations omitted; internal quotation marks omitted.) *River Bend Associates, Inc.* v. *Conservation & Inland Wetlands Commission*, 269 Conn. 57, 70–71, 848 A.2d 395 (2004).

In support of its claim, the commission argues that it considered the impact of the plaintiff's activities on wetlands A and B and found that those wetlands likely would be affected by the activities, but the court disregarded that finding and instead focused on wetland D. The commission contends that the plaintiff's proposal to fill in wetland A and to enlarge wetland B indicated that there will be a likely effect on those wetlands as a result of the project, and, therefore, the commission needed no further evidence on which to support its denial of the plaintiff's application. In response to the commission's argument, the plaintiff points out that the

commission did not distinguish among the four wetlands in its written decision. Even if we were to assume that the commission made a finding of a likely impact on wetlands A and B, we disagree that the plaintiff's proposal by itself constituted substantial evidence on which to deny the plaintiff's application. The commission had a duty to evaluate the plaintiff's application on the basis of substantial evidence, but the commission appears instead merely to have assumed that any proposed alterations to wetlands A and B justified a denial of that application. That assumption was improper. Furthermore, the record lacks substantial evidence that the proposed alterations to wetlands A and B are valid reasons to deny the plaintiff's application.

The commission also argues that it considered the density of the plaintiff's affordable housing development and found that the large number of proposed townhouse units likely will affect all four of the wetlands. The commission acknowledges that, pursuant to General Statutes § 8-2g, the plaintiff's development is eligible for a special exemption from the density limits established for the zoning district in which it is located. The commission nevertheless contends that the plaintiff's plan to exceed those density limits in accordance with § 8-2g constitutes substantial evidence that the project likely will affect the wetlands. We disagree because any connection between the project's density and a likely impact on the wetlands is merely speculative. The record does not contain substantial evidence to support the commission's conclusion regarding the density of the project.

Likewise, our review of the record indicates that it lacks substantial evidence of a likely impact on wetland D. Although the plaintiff's proposal includes elements that could affect wetland D, such as a retaining wall to be built in close proximity to it, the commission did not have substantial evidence specifically indicating a

likely impact on wetland D. Instead, the commission improperly relied on evidence of general environmental impacts such as a statement by Sean Hayden, a soil scientist, who indicated that excessive development harms wetlands. The commission also improperly relied on evidence regarding aspects of the wetlands that it had no authority to regulate, such as the impact on wildlife dependent on the wetlands. See *AvalonBay Communities, Inc.* v. *Inland Wetlands Commission*, supra, 266 Conn. 163. The commission has failed to identify any evidence in the record that satisfies the substantial evidence rule. We therefore conclude that the court correctly sustained the plaintiff's appeal.

## II

The commission next claims that the court improperly remanded the case with direction to issue an inland wetlands permit to the plaintiff. We agree.

"[N]ormally, [w]hen agency action is overturned . . . because of invalid or insufficient findings, we have held that a court must ordinarily remand the matter under consideration to the agency for further consideration. . . . A direct order to the commission is therefore legally unwarranted and the case must be remanded to the commission for further consideration of any conditions that should be attached to the issuance of the permit as supported by evidence in the present record. . . . An exception to that rule, however, exists when it appears as a matter of law that there is only one single conclusion that the [agency] could reasonably reach, [and therefore] the trial court can direct the agency to take the action on remand." (Citations omitted; internal quotation marks omitted.) *United Jewish Center* v. *Brookfield*, 78 Conn. App. 49, 63, 827 A.2d 11 (2003).

Although the record lacks substantial evidence to support the commission's denial of the plaintiff's application, we are not convinced as a matter of law that

approving the plaintiff's application is the only conclusion that the commission reasonably could reach. We therefore determine that this case involves the ordinary rule regarding remands in administrative appeals. The court should have remanded the case to the commission for further proceedings on the plaintiff's application.

The judgment is reversed only as to the order directing the commission to issue the permit and the case is remanded with direction to remand the case to the commission for further proceedings consistent with this opinion.

In this opinion the other judges concurred.